IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| IP FORENSICS, LLC *Plaintiff and Relator for the,* UNITED STATES OF AMERICA v. MTM Molded Products Company; aka MTM Case-Gard *Defendant.* | No. 4:10-cv-682 JURY DEMANDED |

**COMPLAINT FOR FALSE PATENT MARKING**

IP FORENSICS, LLC, ("Plaintiff") brings this action for false patent marking against MTM Molded Products Company, also known as and/or doing business as MTM Case-Gard, ("Defendant") as follows:

This is an action under Title 35, Section 292 of the United States Code for false patent marking, brought on behalf of the United States of America, which pursuant to statute will share in any award.

### I.   THE PARTIES

1.   Plaintiff IP FORENSICS, LLC, is a limited liability company duly organized in Texas and having a correspondence address at P.O. Box 863656, Plano, Texas 75086.

2. Upon information and belief, MTM Molded Products Company is, and at all relevant times mentioned herein was, an Ohio corporation having a place of business at, 3370 Obco Court, Dayton, OH 45414.

3. Upon information and belief, MTM Case-Gard is, and at all relevant times mentioned herein was, a tradename and/or alias and/or alter ego and/or wholly owned subsidiary of MTM Molded Products Company.

## II. JURISDICTION AND VENUE

4. This is an action for false patent marking arising under the patent laws of the United States, Title 35, United States Code, specifically, under Title 35, Section 292 of the United States Code. The Court's jurisdiction is proper under the above statutes, and 28 U.S.C. §§ 1331 and 1338(a).

5. This Court has personal jurisdiction over the Defendant. The Defendant has conducted and does conduct business within the State of Texas. The Defendant, directly or through intermediaries (including distributors, retailers, and others), ships, distributes, offers for sale, and sells its products in the United States, the State of Texas, and the Eastern District of Texas. The Defendant has purposefully and voluntarily placed a plurality of its falsely marked products, as described below, into the stream of commerce with the expectation that they will be purchased by consumers in the Eastern District of Texas. These falsely marked products have been and continued to be purchased by consumers in the Eastern District of Texas. The Defendant has committed the offense of false patent marking within the State of Texas and, more particularly, within the Eastern District of Texas.

6. Venue is proper in this Court under 28 U.S.C. §§ 1391(b, c), and 28 U.S.C. § 1395(a) because, at least in part, Defendant's products, the subject matter of this cause of action, have in the past been offered for sale and sold in this District, and upon information and belief are presently being offered for sale and sold in this District. Upon information and belief, such sales and offers to sell by Defendant are substantial, ongoing, and systematic.

## IV.   DEFENDANTS' FALSELY MARKED PRODUCTS

7. The Defendant has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) at least the following of its products, importing the same are patented, for the purpose of deceiving the public by marking them with the number of expired patent, 3,932,152. (Exhibit A):

"Case-Gard 6, 38-357, Cat. No. W6-38";

"Case-Gard 12, 38-357, Cat. No. W12-38";

"Case-Gard 6, 44 MAG, Cat. No. W6-44";

"Case-Gard 12, 44 MAG, Cat. No. W12-44".  (Exhibit B).

8. The Defendant has in the past marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) at least the following of its products, importing the same are patented, for the purpose of deceiving the public by marking and advertising them with the number of inapplicable and expired patent, Des. 241,079. (Exhibit C):

"Case-Gard 6, 38-357, Cat. No. W6-38";

"Case-Gard 12, 38-357, Cat. No. W12-38";

"Case-Gard 6, 44 MAG, Cat. No. W6-44";

"Case-Gard 12, 44 MAG, Cat. No. W12-44". (Exhibit B).

9. Upon information and belief, the Defendant has demonstrated a pattern of repeated false marking offenses, which will be further evidenced in these proceedings.

## V. CAUSE OF ACTION FOR FALSE PATENT MARKING

10. Plaintiff incorporates by reference, repeats, and re-alleges the content of the above paragraphs as though fully set forth herein.

11. All monopoly rights in a patent terminate completely and irretrievably upon expiration of the patent.

12. Upon information and belief, the Defendant has many years of experience in applying for, acquiring, and maintaining patent rights and other intellectual property rights.

13. Upon information and belief, the Defendant has many years of experience marking (or causing to be marked) goods sold and offered for sale with pertinent, or potentially pertinent, patent numbers and/or patent pendency.

14. Upon information and belief, Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that patents confer no rights outside the scope of the patent claims.

15. United States Patent 3,932,152 (Exhibit A) relates to pulse jet dust collector apparatus, and not to ammunition case products.

16. Upon information and belief, Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent 3,932,152 entitled "MULTI-STAGE BLOW-PIPE CONSTRUCTION", is and always has been inapplicable to its "Case-Gard" ammunition case products.

17. Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) for the purpose of deceiving the public, its ammunition case products with the number of inapplicable U.S. patent 3,932,152 .

18. Because all monopoly and exclusionary rights in 3,932,152 patent are inapplicable to articles not within the scope of the patent, defendant cannot have any reasonable belief that such articles marked as protected by said patent have been or are entitled to any protection accorded by United States patent laws.

19. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that patents do not have indefinite duration and that they expire.

20. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent 3,932,152 has expired no later than January 13, 1993.

21. The Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) products offered for sale with the number of expired patent 3,932,152.

22. Because all monopoly and exclusionary rights in the expired patent 3,932,152 have terminated, the Defendant cannot have any reasonable belief that articles marked with said patent number after expiration of the patent term have been or are entitled to any protection accorded by United States patent laws.

23. United States Patent Des. 241,079 relates to an ammunition cartridge dispenser having, inter alia, an open end for the dispensing of ammunition, and not

having a hinged clam-shell design. Please see Exhibit D for a comparison of an example of the Defendant's falsely marked article and the Des. 241,079 patent drawings.

24. Upon information and belief, Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent Des. 241,079 entitled "AMMUNITION CARTRIDGE DISPENSER", is and always has been inapplicable to its "Case-Gard" ammunition case products.

25. Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) for the purpose of deceiving the public, its ammunition case products with the number of inapplicable U.S. patent Des. 241,079.

26. Because all monopoly and exclusionary rights in the Des. 241,079 patent are inapplicable to articles not within the scope of the patent, defendant cannot have any reasonable belief that such articles marked as protected by said patent have been or are entitled to any protection accorded by United States patent laws.

27. Upon information and belief, the Defendant knows, or reasonably should know (itself or by its representatives), actually or constructively, that United States Patent Number Des. 241,079 has expired no later than July 13, 2002.

28. The Defendant has marked (or caused to be marked) and upon information and belief presently marks (or causes to be marked) products offered for sale with the number of expired patent Des. 241,079.

29. Because all monopoly and exclusionary rights in the expired patent Des. 241,079 have terminated, the Defendant cannot have any reasonable belief that articles marked with said patent number after expiration of the patent term have been or are entitled to any protection accorded by United States patent laws.

30. For the reasons set forth herein, and/or for other reasons which will be further evidenced in these proceedings, the Defendant has, upon information and belief, falsely marked articles with the intent to deceive one or more of, the public, competitors, potential competitors, purchasers, and potential purchasers, in violation of 35 U.S.C. §292.

31. As a direct and proximate result of Defendant's acts of false patent marking, Plaintiff has been and continues to be injured and has sustained actual and statutory damages.

32. As a direct and proximate result of Defendant's acts of false patent marking, the interests of the United States have been and continue to be injured and such interests have sustained and will continue to sustain actual and statutory damages.

33. Unless the Defendant ceases its false marking of goods, the United States will continue to suffer additional irreparable harm and impairment of its interests in furthering technological progress in the useful arts.

34. The Plaintiff has incurred and will incur attorneys' fees, costs, and expenses in the prosecution of this action. The Court has the discretion to award the Plaintiff, and the Plaintiff is entitled to recover its reasonable and necessary attorneys' fees, costs, and expenses.

35. For the reasons set forth herein, and/or for additional or alternative reasons which shall be evidenced through these proceedings, each instance of marking (or causing to be marked) a product with the number of an expired patent by the Defendants (directly or on the packaging thereof), and each instance of advertising unpatented

articles as "patented", constitutes an "offense" for the purposes and remedies of 35 U.S.C. §292.

36. Plaintiff demands a jury for all issues so triable.

## VI. PRAYER FOR RELIEF

Plaintiff prays for the following relief:

A. A judgment that the Defendant has violated the provisions of 35 U.S.C. §292, as alleged herein;

B. A judgment and order requiring the Defendant to pay to the Plaintiff, and to the United States Treasury, to share equally pursuant to statue, a civil monetary fine of FIVE HUNDRED DOLLARS ($500) per false marking offense.

C. A judgment and order requiring the Defendant to pay Plaintiff, and the United States, pre-judgment and post-judgment interest on the damages awarded;

D. A judgment and order finding this to be a case in which the equities and circumstances requiring the Defendant to pay to the Plaintiff, in addition to the civil monetary fine shared between the Plaintiff and the United States, the costs of this action (including all disbursements) and attorneys' fees incurred by the Plaintiff.

E. A judgment and order that the Defendant, its agents employees, representatives, successors, and assigns, and those acting in privity or in concert with them, be permanently enjoined from further false marking as evidenced herein; and

  F. Such other and further relief as the Court deems just and equitable.

Dated: December 13, 2010    Respectfully submitted,

    By: s/Michael T. Konczal
     MICHAEL T. KONCZAL
     Texas State Bar No. 24067958

     KONCZAL LAW FIRM PLLC
     P.O. Box 863656
     Plano, Texas 75093

     214-228-3641

     mike@patentmike.com

     Attorney for Plaintiff (Relator)
     IP FORENSICS, LLC